IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | | |
|---|---|---|
| ANTOINETTE L. FORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | NO. 5:14-CV-33-FL |
| EXELIS, INC. and L-3 | ) | |
| COMMUNICATIONS, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

| | | |
|---|---|---|
| ANTOINETTE L. FORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | NO. 5:14-CV-92-FL |
| EXELIS, INC. and L-3 | ) | |
| COMMUNICATIONS, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

In this consolidated action,[1] defendant L-3 Communications, which asserts its correct name is L-3 Communications Vertex Aerospace, LLC ("L-3") moves to stay conference required by Federal Rule of Civil Procedure 26(f) and entry of a scheduling order issued pursuant to Federal Rule of Civil Procedure 16(b) (DE 18). Defendant Exelis, Inc. also asserts here issues as to its identity, and brings a motion for an order substituting Exelis Systems Corporation ("Exelis

---

[1] The court notes here its order granting motion brought by defendant Exelis, Inc. to consolidate cases, which established case file no. 5:14-cv-33 as the master file, for reasons therein stated (DE 13).

Systems") for Exelis, Inc. (DE 20).  Plaintiff has responded to the motion to stay (DE 24), but did not respond to the motion to substitute.  Also before the court is defendant L-3's motion to dismiss, directed to plaintiff's complaint filed January 24, 2014 (DE 16), and this defendant's motion to withdraw that motion (DE 29), in light of the amended complaint filed May 8, 2014 (DE 26), where it now has moved to dismiss the amended complaint (DE 27).  A number of the issues raised are now ripe for review.

## BACKGROUND

In complaint filed January 24, 2014, plaintiff, proceeding *pro se*, variously alleges during previous employment with defendant Exelis Inc. concluding in 2013, that she was subjected to retaliation, discrimination on the basis of race and sex, and experienced a hostile work environment, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.  Plaintiff also brings claims for tortious interference and defamation.  Plaintiff's allegations appear to devolve around a failure of Exelis, Inc. to promote her within a warehouse distribution complex being operated at Ft. Bragg, North Carolina, and some corresponding denial of a position of employment with L-3 Communications.  Defendant Exelis, Inc. filed answer on February 18, 2014, denying that plaintiff is entitled to relief and asserting defenses of lack of subject matter jurisdiction, statute of limitations, conduct outside the course and scope of individual employment, good faith efforts to comply with Title VII and all applicable anti-discrimination laws, and failure to mitigate damages.

On April 14, 2014, defendant L-3 filed a motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1) and failure to state a claim under Rule 12(b)(6)  (DE 16).  It filed the instant motion to stay on April 14, 2014, and defendant Exelis, Inc. filed its motion to substitute party defendant the following day.

Plaintiff filed amended complaint on May 8, 2014, unaccompanied by any motion to amend.

2

Later, motion to withdraw was filed related to the earlier filed motion to dismiss, on behalf of defendant L-3. Its motion to dismiss directed against the amended complaint remains pending. Plaintiff's response time has not yet run to that motion just filed May 16, 2014.

## DISCUSSION

The court first will address issues concerning alignment of defendants and then those related to the amended complaint. Finally, it will address the motion to stay.

A.   Alignment of Defendants

Defendant Exelis, Inc.'s motion to substitute states that, at the times alleged in the complaint, Exelis Systems was in fact plaintiff's employer. This defendant asserts that Exelis, Inc. is the parent corporation of Exelis Systems, and it never has been plaintiff's employer. In support, defendant Exelis Systems has submitted a declaration from its Senior Human Resources Manager. (DE 20-1). Plaintiff has failed to respond to the instant motion; however, as the court noted April 4, 2014, plaintiff did not then concede, in the context of the motion to consolidate, that Exelis Systems is the proper party (DE 13).

The answer of this defendant earlier filed informs, too, of the incorrect identification by plaintiff. That answer filed February 18, 2014, is asserted to be the answer of Exelis Systems. Where no opposition has been raised to the instant motion, good cause having been shown, the court grants Exelis, Inc.'s motion. See Carr v. Norfolk So. Corp., No. 94-1684, 1995 WL 3002, at *1 (4th Cir. Jan. 4, 1995) (granting unopposed motion to substitute defendant as plaintiff's "actual employer"). Defendant Exelis Systems now is substituted for Exelis, Inc., and future filings shall bear the name of this defendant as Exelis Systems Corporation.

Plaintiff has named L3 Communications also as a defendant. However, in its motion to stay, this defendant informs that it has been identified incorrectly. It should be referred to properly

3

as L-3 Communications Vertex Aerospace, LLC. Plaintiff's response to that motion concedes this, where she refers to defendant as L-3 Communications Vertex Aerospace, LLC. Accordingly, the name of this defendant shall be correctedto reflect the name of defendant as L-3 Communications Vertex Aerospace, LLC, and future filings shall show this to be the name of this defendant.

The Clerk also is directed to conform the docket to reflect defendants in this action are Exelis Systems Corporation and L-3 Communications Vertex Aerospace, LLC.

B.   Issues Ripe for Decision Related to Plaintiff's Amended Complaint

A plaintiff may amend complaint one time as a matter of course within twenty-one (21) days of serving it, or within twenty-one (21) days after service of a responsive pleading or service of a motion under Rule 12(b), whichever is earlier. Fed. R. Civ. P. 15(a). Otherwise, a plaintiff may amend complaint only by leave of the court or by written consent of the defendant. Id. The court freely gives leave "when justice so requires." Id.

More than twenty-one (21) days passed between defendant Exelis System's answer to complaint and filing of plaintiff's amended complaint. As such, plaintiff has run afoul of the rule by failing to seek permission of this court to amend her complaint, at least insofar as it relates to defendant Exelis Systems. However, the other defendant, defendant L-3, now has responded to the amended complaint through the making of its motion to dismiss, filed May 16, 2014.

Drawing down on Rule 1 of the Federal Rules of Civil Procedure, the court in its discretion, will permit this plaintiff to go forward on her amended complaint. Said amended complaint is allowed. The court directs defendant L-3 to file either a response to same within twenty-one (21) days, supplanting the earlier filed answer – or, file a notice renewing that answer filed February 18, 2014, to the extent this defendant simply would seek to reassert that response as its answer to the allegations contained in the amended complaint. The court allows the motion to withdraw (DE 29),

4

and dismisses as moot the motion to dismiss filed by defendant L-3 to plaintiff's complaint (DE 16).

C. Motion to Stay

Defendant L-3 has moved to stay the Rule 26(f) conference and entry of a Rule 16(b) scheduling order, including as it relates to the parties' obligations to serve pre-discovery disclosures, until after the court rules on defendant L-3's pending motion to dismiss. Defendant L-3 reports that defendant Exelis Systems does not oppose the motion.

The decision to grant stay is discretionary, and within the court's inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. North Am. Co., 299 U.S. 248, 254 (1936). Here, the court again notes its duty to administer the federal rules in a way that promotes the "just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Resolution of the motion to dismiss has the potential to significantly impact the nature and extent of further proceedings. Granting stay will serve the requirements of Rule 1 by serving the interests of judicial economy and conserving the parties' resources. For all these reasons, the motion is allowed, notwithstanding plaintiff's stated opposition wherein she strenuously objects to the merits of the motion to dismiss.

Plaintiff's concern that a stay of the action is tantamount to a grant of dismissal for defendant L-3 is misplaced. In granting stay, the court does not determine that it lacks jurisdiction or otherwise determine the merits of defendant L-3's pending motion to dismiss. As noted, this decision to stay proceedings is made out of concern for judicial economy. Furthermore, granting stay will serve "the interest of justice" by conserving the time and resources of the parties and the court. Accordingly, the court grants defendant L-3's motion to stay the Rule 26(f) conference and entry of a Rule 16(b) scheduling order, including a stay on the parties' obligations to serve pre-discovery disclosures, until the court rules on L-3's motion to dismiss.

Moreover, because the court now has allowed plaintiff to proceed on her amended complaint, as set forth above, defendant Exelis Systems has time within which to respond which has not elapsed. Therefore, entry now of a scheduling order would be untimely, where the pleadings have not been framed as they relate to this defendant.

**CONCLUSION**

For the reasons stated above:

1. The court GRANTS Exelis, Inc.'s motion to substitute (DE 20) and defendant Exelis Systems Corporation now is substituted for Exelis, Inc. Future filings shall bear the name of this defendant as Exelis Systems Corporation;

2. Defendant L3 Communications's name is CORRECTED to reflect the correct name of this defendant as L-3 Communications Vertex Aerospace, LLC. Future filings also shall show this to be the name of this defendant;

3. The Clerk is directed to CONFORM the docket to reflect defendants in this action are Exelis Systems Corporation and L-3 Communications Vertex Aerospace, LLC;

4. The court ALLOWS plaintiff to proceed on her amended complaint (DE 26);

5. Defendant L-3 Communications Vertex Aerospace, LLC shall file a response to same WITHIN TWENTY-ONE (21) days from date of ENTRY of this order, in accordance with this order;

6. Defendant L-3 Communications Vertex Aerospace, LLC's motion to withdraw (DE 29) is ALLOWED;

7. The court DISMISSES AS MOOT the motion to dismiss filed by this defendant to plaintiff's complaint (DE 16);

8. Defendant L-3 Communications Vertex Aerospace, LLC's motion to stay is

ALLOWED; and

9. While her opposition to the motion to stay signals vigorous opposition to the motion to dismiss, plaintiff, proceeding *pro se*, is NOTICED of the motion to dismiss, and that Local Civil Rule 7.1(e) provides plaintiff must respond to the motion within twenty-one days of the date of service of the motion and that, if plaintiff fails to respond, the court may grant the motion and defendant L-3 Communications Vertex Aerospace, LLC be dismissed from the case.

SO ORDERED, this the 19th day of May, 2014.

_____
LOUISE W. FLANAGAN
United States District Judge